Katherine COOPER, Plaintiff— Appellant,

v.

T–MOBILE USA, INC., Defendant— Appellee.

No. 07–35983.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Dec. 1, 2008.

---

William D. Stark, Esquire, Salem, OR, for Plaintiff–Appellant.

James Severson, Esquire, Bingham McCutchen, LLP, San Francisco, CA, Dennis Westlind, Esquire, Stoel Rives LLP, Portland, OR, for Defendant–Appellee.

Before: THOMPSON and M. SMITH, Circuit Judges, and MOSKOWITZ, District Judge.*

* The Honorable Barry T. Moskowitz, United    States District Judge for the Southern District

## MEMORANDUM **

Plaintiff–Appellant Katherine Cooper appeals from the district court's grant of summary judgment in favor of Defendant–Appellee T–Mobile USA. We affirm.

As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

### 1. FMLA Interference

The district court did not err in finding that Cooper failed to present a genuine dispute of material fact over whether T–Mobile interfered with her rights under the Family Medical Leave Act (FMLA), either (a) in denying or discouraging her from using leave, or (b) in considering her use of leave as a factor in her termination.

#### A. Denial or Discouragement of FMLA Leave Use

■ "An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act." 29 C.F.R. § 825.220(a)(1). Here, Cooper failed to show that T–Mobile interfered with her FMLA leave rights. T–Mobile readily approved both Cooper's continuous and intermittent leave. T–Mobile may have been remiss in promptly providing the intermittent leave information Cooper sought, but she was never denied the right to use her FMLA leave or discouraged from using that leave, and her leave was never miscategorized. Cf. Xin Liu v. Amway Corp., 347 F.3d 1125, 1135 (9th Cir. 2003) ("A violation of the FMLA simply requires that the employer deny the employee's entitlement to FMLA leave.").

■ Even if an employer "interfer[es] with, restrain[s], or den[ies] [an employee's] exercise of FMLA rights," the FMLA "provides no relief unless the employee has been prejudiced by the violation." Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002). Thus, even if she had managed to show a technical violation, Cooper would not be entitled to relief because she cannot show that she suffered any detriment.

#### B. Use of Leave as a Negative Factor in her Termination

■ Cooper's evidence supporting her claim that FMLA leave was a factor in her termination is paltry, and almost entirely circumstantial. She fails to establish that her termination was for any reason other than poor performance, which is a lawful basis for termination. Although Cooper received two generally positive annual evaluations, those subjective evaluations do not overcome the fact that her employment record, when viewed as a whole, shows a long history of objective complaints and discipline. As a result, no reasonable fact-finder could determine that Cooper's taking FMLA leave was a negative factor in her termination. See Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1125 (9th Cir.2001) (holding that, to prevail on an FMLA interference claim alleging retaliatory termination, an employee must show "that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her").

### 2. Oregon State Law Claim

■ Cooper's claim under Oregon state law fails for the same reason her FMLA

of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claim does: she cannot show a nexus between her taking leave and her termination. *See Estes v. Lewis & Clark Coll.,* 152 Or.App. 372, 954 P.2d 792, 797 (1998) (holding that Oregon law requires an employee to show that her use of leave was "a substantial factor" in the motivation to discharge her).

### 3. Excluded Evidence

█ Finally, the district court did not abuse its discretion in declining to consider two exhibits. Reviewing for abuse of discretion, *Wong v. Regents of Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir.2005), the court will overturn the district court's ruling only where "the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel,* 211 F.3d 1172, 1175 (9th Cir.2000). Here, both of the exhibits concerned events that occurred after Cooper's separation, and neither related directly to her leave or termination. Their exclusion was not an abuse of discretion.

\*　　\*　　\*

Because Cooper failed to raise a genuine triable issue of fact on any of her claims, the district court properly granted summary judgment to T–Mobile.

AFFIRMED.